UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

TRACY P.[1], )
 )
   Plaintiff, )
 )
v. ) CIVIL NO. 1:20cv287
 )
ANDREW M. SAUL, )
Commissioner of Social Security, )
 )
   Defendant. )

## OPINION AND ORDER

     This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Title II and Title XVI of the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

     The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12

---

    [1] For privacy purposes, Plaintiff's full name will not be used in this Order.

months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

Plaintiff seeks judicial review of the Agency's decision denying her July 11, 2016 applications for disability alleging disability beginning May 1, 2015. (Tr. 94. 104. 137-38, 177-78, 329).

In a prior decision, dated March 29, 2018, an Administrative Law Judge (ALJ) found Plaintiff not disabled, as defined in the Act. (Tr. 21-37). The Appeals Council granted Plaintiff's request for review of the ALJ's decision. (Tr. 274-77). And on October 4, 2018, the Appeals Council issued a decision finding Plaintiff not disabled. (Tr. 1-8, 12-13). Plaintiff appealed the Appeals Council decision and on September 12, 2019, based on a consent motion by Plaintiff and the Commissioner. (Tr. 1334-35), this Court reversed and remanded the October 2018 Appeals Council decision for further proceedings, Case No. 1:18-CV-00408, pursuant to sentence four of 42 U.S.C. § 405(g). (Tr. 1337).

The Appeals Council assumed jurisdiction of the case and, on June 16, 2020, issued a new decision finding that Plaintiff was not disabled, thereby rendering it the final decision of the Commissioner for purposes of judicial review (Tr. 1328-31, 1338-41). 20 C.F.R. §§ 404.984(d), 416.1484(d). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

On October 4, 2018, the Appeals Council made the following findings:

1. The claimant met the special earnings requirements of the Act on May 1, 2015, the date the claimant stated she became unable to work and met them through December 31, 2016. The claimant has not engaged in substantial gainful activity since May 1, 2015.

2. The claimant has the following severe impairments: status-post left knee medial meniscectomy due to left medial meniscus tear, bilateral knee osteoarthritis, status-post left knee total replacement, peripheral neuropathy, obesity, asthma, chronic obstructive pulmonary disease (COPD), fibromyalgia, depressive disorder, opioid withdrawal, bipolar II, but does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

3. The claimant's combination of impairments results in the following limitations on her ability to perform work-related activities: occasional interaction with others. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined

>    in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally push and pull with her bilateral lower extremities; and she should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, noise, vibration, fumes, odors, dusts, gases, poor ventilation, and hazards such as unprotected heights, wet, slippery, or uneven surfaces, and unguarded moving machinery.
>
> 4. The claimant's alleged symptoms are not consistent with and supported by the evidence of record for the reasons identified in the body of the ALJ's decision.
>
> 5. The claimant is unable to perform past relevant work.
>
> 6. The claimant is 47 years old, which is defined as a younger individual and has a high school education. The claimant's past relevant work is semiskilled or skilled. The issue of transferability of work skills is not material in view of the claimant's age and residual functional capacity.
>
> 7. If the claimant had the capacity to perform the full range of the sedentary exertional level, 20 CFR 404.1569 and 416.969 and Rule 201.21, Table No. 1 of 20 CFR Part 404, Subpart P, Appendix 2, would direct a conclusion of not disabled. Although the claimant's exertional and nonexertional impairments do not allow her to perform the full range of the sedentary exertional level, using the above-cited Rule as a framework for the decisionmaking, there are a significant number of jobs in the national economy which she could perform, unskilled sedengary work as a document preparer, hand mounter and semiconductor bonder.
>
> 8. The claimant is not disabled as defined in the Social Security Act at any time through the date of the ALJ's decision (March 29, 2018).

(Tr. 5-6).

On June 16, 2020, the Appeals Council issued a new decision, adopting the findings of the Appeals Council decision dated October 4, 2018, and making the following amended findings:

> 3. The claimant has the following severe impairments: status-post left knee medial meniscectomy due to left medial meniscus tear, bilateral knee osteoarthritis, status-post left knee total replacement, peripheral neuropathy, obesity, asthma, chronic obstructive pulmonary disease, fibromyalgia, depressive disorder, opioid withdrawal, bipolar II disorder, social anxiety, borderline personality disorder, attention deficit hyperactivity disorder, and a history of polysubstance abuse.

4

> 5. The claimant's impairments results in the following limitations on her ability to perform work-related activities: sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she could occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally push and pull with her bilateral lower extremities; and she should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, noise, vibration, fumes, odors, dusts, gases, poor ventilation, and hazards such as unprotected heights, wet, slippery, or uneven surfaces, and unguarded moving machinery. In addition, she could understand, remember, and carry out simple instructions and tasks; make judgments on simple work related decisions; respond appropriately to unusual work situations; she can deal with routine changes in a routine work setting; and was [sic] limited to occasional interaction with others.

(Tr. 1330).

This became the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. 404.984(d), 416.1484(d). This appeal followed.

Plaintiff filed her opening brief on April 26, 2021. On June 8, 2021 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops

> the inquiry and leads to a determination that the claimant is not
> disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that: (1) the latest Appeals Council's decision (the final decision of the Commissioner) is fatally defective and illogical in that it adopted portions of a vacated prior Appeals Council decision and a vacated ALJ decision; and (2) the Commissioner failed to include all supported mental limitations in the RFC.

As noted, based on a consent motion agreed upon by Plaintiff and the Commissioner of Social Security. (Tr. 1334-35), this Court reversed the Appeals Council's October 2018 decision and remanded "the case to the Commissioner for further proceedings". (Tr. 4-7, 1337). "When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. §§ 404.983, 416.1483. If it makes its own decision, "The Appeals Council may affirm, modify or reverse the administrative law judge hearing decision or it may adopt, modify or reject a recommended decision." 20 C.F.R. §§ 404.979, 416.1479.

Plaintiff's counsel agreed to the Commissioner's motion requesting remand of her case "for further administrative proceedings" (Tr. 1334). Accordingly, in its order, this Court stated that it was remanding Plaintiff's case "to the Commissioner for further proceedings". (1337). The

Court did not instruct the Commissioner to have the Appeals Council decline to assume jurisdiction or require the Appeals Council to remand the case to an administrative law judge (Tr. 1337).

Plaintiff acknowledges that this Court could have remanded the case for a rehearing, but did not. 42 U.S.C § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"). Yet, Plaintiff urges the Court to read into its prior order a requirement for an ALJ hearing "because that is the typical procedure". But that reading is contrary both to the text of the order and to the Agency's regulations and procedures. Rather, after the Court remanded the "case to the Commissioner for further proceedings". (Tr. 1337), the next step was for the "Appeals Council [to] make a decision, or . . . remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision" 20 C.F.R. §§ 404.983, 416.1483. In this case, the Appeals Council decided to issue a new independent decision. (Tr. 1328).

In November 2019, the Appeals Council notified Plaintiff that it planned to issue a new decision. (Tr. 1338). The Appeals Council notice informed Plaintiff that she could "send [] a statement about the facts and the law in this case". (Tr. 1340), but she did not. Then, in June 2020, the Appeals Council issued a decision that adopted parts of the ALJ's October 2018 decision and modified others. (Tr. 4-7, 24-37, 1328-31). *See* 20 C.F.R. §§ 404.979, 416.1479.

The June 2020 Appeals Council decision notes that it considered the ALJ's decision, the July 2018 notice to Plaintiff, and the October 2018 Appeals Council decision in reaching their

7

conclusions. (Tr. 1328-29). The Appeals Council explained in the new decision that it agreed with the ALJ's findings at each step of the sequential evaluation, except for the "omission of interaction limitations from the [RFC]". (Tr. 26-37, 1329). The decision further stated that the Appeals Council "agree[d] with the proposed action outlined in the Appeal Council's" July 2018 notice, which included finding that Plaintiff had the additional severe impairments of anxiety/ social anxiety, borderline personality disorder, post-traumatic stress disorder (PTSD), panic disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, and a history of polysubstance abuse. (Tr. 13, 1329). The June 2020 Appeals Council decision noted that the hypothetical question posed to the VE during the ALJ hearing "included limiting [Plaintiff] to occasional [interaction with] others" and their decision was "in accordance with [the Appeals Council's July 2018] notice". (Tr. 83, 1329). The decision included a finding that Plaintiff could only "occasional[ly] interact with others. (Tr. 13, 1329).

Additionally, the Appeals Council stated that while it was adopting parts of the October 2018 Appeals Council decision, it would correct other "internally inconsistent" parts of that decision. (Tr. 1328, 1330). The June 2020 Appeals Council decision explained that the October 2018 decision found Plaintiff's only mental limitation was that she could have "occasional interaction with others," but the evidence supported the additional mental limitations outlined in its RFC. (Tr. 6, 1330). Specifically, the Appeals Council now found that Plaintiff "could understand, remember, and carry out simple instructions and tasks; make judgments on simple work related decisions; respond appropriately to usual work situations; she can deal with routine changes in a routine work setting; and was limited to occasional interaction with others". (Tr. 1330).

Plaintiff argues that because this Court vacated both the ALJ's decision and the October 2018 Appeals Council decision, they "no longer ha[d] a legal existence". Plaintiff contends that the recent Appeals Council decision improperly adopted the prior findings. However, the Appeals Council has the express authority to modify and adopt prior findings. 20 C.F.R. §§ 404.979, 416.416.1479 ("The Appeals Council may affirm, modify or reverse the administrative law judge hearing decision or it may adopt, modify or reject a recommended decision."). Moreover, nothing prevents the Commissioner from reaching the same conclusions as prior decisions, as long as substantial evidence supports those conclusions. *Id*. Here, the Appeals Council decision adopted some findings and corrected other findings. The determination of Plaintiff's RFC is a legal decision, rather than a medical one, and the Appeals Council based the assessment on all the evidence in the record. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1); *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995). Based on the evidence, in their June 2020 decision, the Appeals Council assessed limitations in the RFC that reasonably accommodated Plaintiff's mental impairments. (Tr. 6, 30, 1329). The mental RFC in this recent decision found that Plaintiff could: understand, remember, and carry out simple instructions and tasks; make judgments on simple work related decisions; respond appropriately to usual work situations; deal with routine changes in a routine work setting; and was limited to occasional interaction with others. (Tr. 1330).

Plaintiff contends that the mental RFC limitations in the Appeals Council's decision did not adequately account for her limitations in maintaining "concentration, persistence, and pace" and "for [her] qualitative interaction limitations". The Appeals Council's June 2020 decision indicated that in "agree[ing] with the proposed action outlined" in their July 2018 notice, they "adopt[ed] the ALJ's findings at step 1-5 of the sequential evaluation process". (Tr. 13, 30, 1329).

9

This included the ALJ's finding at step three that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace and her corresponding RFC limitations. (Tr. 29-30). Despite explaining that they were adopting the ALJ's findings, Plaintiff asserts that the most recent Appeals Council decision "did not include any limitations in its RFC in relation to concentration, persistence or pace". (Plaintiff's Brief at 31).

However, it is clear that the ALJ explained that she determined that Plaintiff had no more than a moderate limitation in concentrating, persisting, or maintaining pace because, despite her mental impairments, Plaintiff exhibited "linear, coherent, or goal directed thought process[es];" "[s]he was alert and oriented to person, place, time, and situation;" and "[h]er attention and concentration were normal". (Tr. 29, 33, 823, 930, 940, 962, 988, 1082, 1200, 1265, 1275, 1282). Despite the ALJ's explanation, Plaintiff argues that the RFC limitations regarding her ability to concentrate, persist, or maintain pace are contrary to cases such *Yurt v. Colvin*, 758 F.3d. 850 (7th Cir. 2014). Yet, the court in *Yurt* did not create the categorical rule Plaintiff asserts. Rather, the Seventh Circuit determined that the ALJ erred in relying on a State agency consultant's narrative RFC opinion because it did not capture the limitations identified in the check-box sections of a Mental Residual Functional Capacity Assessment form and because the evidence suggested that the claimant was far more limited by his psychotic disorder than the consultant found. *Yurt*, 758 F.3d at 858-60.

Here, unlike in *Yurt*, the ALJ provided an evidence-based assessment of what Plaintiff could and could not do in the workplace. (Tr. 29-30, 33-35). *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record" (quoting *Varga v.*

10

*Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). Here, the ALJ did not rely on the opinion of the State Agency consultant's narrative opinion and, in fact, stated that the evidence only "partially support[ed]" this opinion. (Tr. 34). Furthermore, for moderate difficulties with regard to concentration, persistence, or pace, the Seventh Circuit has upheld limitations similar to those in the present case. *See Dudley v. Berryhill*, 773 F. App'x 838, 842 (7th Cir. 2019) (a limitation to simple judgment "specifically accounts for . . . concentration difficulties"); *Pytlewski v. Saul*, 791 F. App'x 611, 615-16 (7th Cir. 2019) (upholding an RFC for simple, routine, repetitive tasks and simple, work-related decisions because it was supported by the State agency doctors' narrative and checklist assessments); *Urbanek v. Saul*, 796 F. App'x 910, 914-15 (7th Cir. 2019). Under the substantial evidence standard, if a reasonable mind would accept the ALJ's rationale based on the evidence of record, then the finding is proper. *See Biestek*, 139 S. Ct. at 1154. Here, the ALJ reasonably concluded that Plaintiff could "understand, remember, and carry out simple instructions and tasks" and the Appeals Council's June 2020 decision reasonably adopted that finding and these limitations. (Tr. 30, 1329).

The June 2020 Appeals Council's decision stated that in agreeing with the "proposed action outlined" in their July 2018 notice, they were adding the limitation that Plaintiff was "limited to occasional interaction with others" in the RFC. (Tr. 13, 1329). Plaintiff asserts that this additional limitation in the RFC "only contains a quantitative component—when the evidence also justifies a qualitative component". (Plaintiff's Brief at 32). To support her contention, Plaintiff relies on the findings in *Hurley v. Berryhill*, No. 1:17-CV-421, 2018 WL 4214523 (N.D. Ind. Sept. 5, 2018). However, Plaintiff's reliance on this case is inappropriate. In *Hurley*, the Court found that the ALJ erred in limiting Hurley to "occasional" social interaction

when the State agency limited him to "superficial" interaction. *Id* at *3-4. The Court determined that the ALJ erred by assigning great weight to the medical opinions and then including less restrictive social interaction limitations in the RFC. *Id*. Here, unlike in *Hurley*, the Appeals Council found greater limitations than those the State agency assessed: the State Agency psychological consultant opined that Plaintiff had no social interaction limitations, while the Appeals Council determined that Plaintiff "was limited to occasional interaction with others". (Tr. 154, 173, 1329-30). Additionally, the ALJ only assigned partial weight to the State Agency psychological consultant's opinion and noted that Plaintiff was "likely more limited socially". (Tr. 34, 154, 173).

Moreover, Plaintiff only provides evidence from her testimony to support that she had qualitative social interaction limitations. An individual's subjective statements are insufficient to establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled."). That Plaintiff merely disputes the ALJ's conclusions does not render the ALJ's findings any less valid under the substantial evidence standard of review. *See L.D.R. v. Berryhill*, 920 F.3d 1147, 1151-52 (7th Cir. 2019) ("Our review is deferential; we will not reweigh the evidence or substitute our judgment for that of the ALJ.").

Plaintiff fails to identify specific, additional limitations regarding her ability to concentrate, persist or maintain pace and interact with others that should have been included in the RFC. *See Kuykendoll v. Saul*, 801 F. App'x 433, 438 (7th Cir. 2020) ("Notably, Kuykendoll posits no relevant limitations in concentration, persistence, or pace that the ALJ should have included in his RFC assessment."). The ALJ's analysis, which the Appeals Council adopted,

provides sound reasoning for not assessing greater mental RFC limitations and the reasoning is "adequate to support [their] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Accordingly, there is no basis for remand and the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: July 7, 2021.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court